IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL GARRETT, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:21-cv-02722-L (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Michael Garrett, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the Court should transfer Garrett's petition to the Fifth Circuit Court of Appeals as successive.

I.

In July 1994, in the 292nd Judicial District Court in Dallas County, Texas, a jury found Garrett guilty of aggravated robbery and sentenced him to 99 years imprisonment. Pet. 1 (ECF No. 1); *see also State of Texas v. Garrett*, No. F-9239878 (292nd Dist. Ct., Dallas County, Tex. July 18, 1994). Garrett appealed, and on May 29, 1996, the Fifth District Court of Appeals affirmed his conviction and sentence. *Id.* 2; *see also Garrett v.* Texas, No. 05-94-01144-CR, 1996 WL 283271 (Tex. App. – Dallas, May 29, 1996, pet. ref'd). Garrett did not file a petition for writ of certiorari in the United States Supreme Court. Pet. 3.

On May 5, 2004, Garrett filed his first § 2254 petition challenging his conviction. *See Garrett v. Dretke*, No. 3:04-CV-957 (N.D. Tex.). The Court denied

1

the petition on the merits. After that, Garrett filed a second and other successive § 2254 petitions. *See, e.g.*, *Garrett v. Davis*, No. 3:16-cv-3233 (N.D. Tex.); *Garrett v. Quarterman*, No. 3:06-CV-2286 (N.D. Tex.).

Garrett, who is currently incarcerated at the TDCJ Estelle Unit in Huntsville, Texas, originally filed his petition and a motion for leave to proceed *in forma pauperis* in the Southern District of Texas. But on November 3, 2021, the Southern District court transferred Garrett's petition to this Court. In his petition, Garrett argues: (1) his parole was wrongfully denied based on an affirmative finding in his judgment; and (2) his sentence is so excessive that it is illegal. Pet. 5, 7 (ECF No. 1).

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). To raise a claim in a second or successive § 2254 petition, a prisoner must show: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files a successive petition in the District Court, a

three-judge panel of the Fifth Circuit must determine whether he makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

A petition is deemed successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise is an abuse of writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). However, a second petition is not successive when the first petition was dismissed due to prematurity or for lack of exhaustion. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). This is so because "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

In Garrett's first claim, he argues that he has been denied parole because of an affirmative finding in his judgment that there was a deadly weapon, but he claims there was no affirmative finding of a deadly weapon in the judgment. The contents of the judgment is a matter that could have been addressed in his first petition.

In Garrett's second claim, he attacks the legality of his sentence based on his claim that it is excessive. This claim also could have been raised in his initial petition.

In sum, both claims Garrett raises could have been addressed in his initial petition. Therefore, the pending petition is successive. The Fifth Circuit has not issued an order authorizing this Court to consider Garrett's successive petition. Garrett must obtain such an order before he may file another petition for habeas relief under § 2254.

III.

The Court should TRANSFER Garrett's petition for a writ of habeas corpus to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SO RECOMMENDED**

Signed November 8, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).